## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Erick Brask, David Diez, Joel Elden, William    Case No. 06-CV-00011 RHK/AJB
Engelhard, Jr., James Garin, Brian Gourley,
Ronald Green, Ilya Guralnik, Michael Johnson,
Shelby Johnson, Jeffrey Johnston, Robert Kadlec,
Thomas Knack, Ronald Larson, Bruce Massey,
Gregory McCarthy, Sean McGivern, Lee Meyer,
Mary Miner,  Derrick Moore, Daniel Mroszak,
Shane Opdahl, Gregory Ostenson, John Rock,      **REPORT AND**
Cornell Sims, Lyle Smith, Gary Stevens, Jr.,       **RECOMMENDATION**
Gregory Torgerson, and Kenneth Tyrrell,         **FOR JOINT MOTION**
                                      **FINAL APPROVAL OF**
          Plaintiffs,                   **SETTLEMENT**

v.

Heartland Automotive Services, Inc.,
d/b/a Jiffy Lube, a Minnesota Corporation,

          Defendant.

_____

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the parties' Joint Motion for Final Approval of Settlement. Through their motion and exhibits attached thereto, the above-named Plaintiffs and Defendant Heartland Automotive Services, Inc., d/b/a Jiffy seek final approval of the settlement as required by the Fair Labor Standards Act.  This matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1).  For reasons discussed below, the Magistrate Judge recommends the parties' Motion for Final Approval of Settlement be granted.

## DISCUSSION

The above-named Plaintiffs are former and current employees of Defendant Heartland Automotive Services, Inc., d/b/a Jiffy Lube.  Plaintiffs are or were employed by Defendant as Store Managers at several Jiffy Lube franchise stores throughout Minnesota.   Plaintiffs previously were part of the conditionally certified class, Smith, et. al. v. Heartland Automotive Services, Inc., 04-CV-01430 (D. Minn.).  The Smith case was decertified on December 12, 2005, resulting in the filing of a number of cases in various courts located throughout the country, including this one.

As part of the Smith Order decertifying the class, the above-named Plaintiffs were given the opportunity to pursue their individual claims within a sixty (60) day tolling period.  Plaintiffs timely filed the present action on or about January 4, 2006.  Plaintiffs claim that they were improperly classified as executive exempt and denied overtime compensation in violation of the Fair Labor Standards Act, 28 U.S.C. § 201 et. seq., specifically § 207(a)(1).  Defendant has maintained that Plaintiffs' primary job duty was management and were thus properly classified as overtime exempt.

Through the Smith case, this Court participated in two separate settlement conferences with the parties' counsel who also represent the parties in this matter. Both parties, through their legal counsel, have demonstrated that they are familiar with the facts of the case and legal issues raised throughout.  The parties have engaged in arm's length negotiations directed towards settlement of not only the

seven Smith Plaintiffs' claims, but also the claims of the other two hundred and thirty-two (232) individuals who re-filed their claims as a result of the decertification Order.  The parties have agreed to a global settlement that includes the above-named Plaintiffs and have prepared a Joint Stipulation of Settlement and Release, which is before this Court for review.

Under the FLSA, employees can only bargain, waive, or modify their recovery and rights in narrow circumstances.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  In a private action between the employer and employee, a settlement falls within those narrow circumstances only if the parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered as stipulated judgment.  Id. at 1353, 1355.

In approving a settlement offer, the court must give comprehensive consideration to all relevant factors and yet the settlement hearing must not be turned into a trial or a rehearsal of the trial.  City of Detroit v. Grinnell Corp., 495 F.2d 448, 462 (2d Cir. 1974).[1]  The primary consideration in determining whether a settlement is fair and reasonable is the strength and nature of the claim in light of the possible defenses.  Id. at 455.  Other factors include:  the complexity, expense and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings  and the amount of discovery complete; the risks of

---

[1] The Grinnell case concerns class action settlements under Fed. R. Civ. P.  23.  However, both the FLSA and Rule 23 require fair and reasonable settlements, thus the standards set forth are applicable.

establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Id. at 463.

While Plaintiffs were not "similarly situated" under 29 U.S.C. § 216(b) for purposes of proceeding collectively to trial with the Smith Plaintiffs, they share some common facts with the Smith Plaintiffs. As such, it is important to note what transpired in the Smith case, warranting the parties and this Court to find the settlement to be a fair and adequate resolution of this matter. As a result of Defendant's motion for summary judgment in Smith, the Court determined that two elements of the executive exemption defense have been met because Plaintiffs received a salary of more than $250 a month, and customarily directed the work of two or more employees.[2] Thus, the only issue remaining for the Smith trial was whether Plaintiffs' primary job duty was management.[3]

Moreover, recent developments in the Smith case had significantly affected the damages the Smith Plaintiffs were likely to recover should they prevail at trial. At the summary judgment stage, the Court limited the Smith Plaintiffs' recovery to a two-year statute of limitations because the Plaintiffs could not prove that Defendant had willfully misclassified them as exempt. Further, at a pretrial

---

[2] Decided on motion for summary judgment. Smith v. Heartland Automotive Services, Inc, 418 F. Supp. 2d 1129 (D. Minn. 2006).

[3] The factors to be considered in determining whether an employee has management as a primary duty are: (1) the relative importance of exempt duties as compared with other types of duties ; (2) the frequency with which the employee exercised discretionary powers; (3) the employee's relative freedom from supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by the employee. 29 C.F.R. § 541.103.

4

conference, the Court indicated that damages would likely be calculated using the fluctuating workweek method for calculating overtime pay rather than the standard method.  This decision would limit the <u>Smith</u> Plaintiffs to an overtime rate of one-half (.5) their regular rate of pay rather than one and one-half (1.5) their regular rate of pay.  Finally, a recent court decision in <u>Addison v. Ashland Inc.</u>, No. Civ. 04-40085, 2006 WL 752761 (E.D. Mich. Mar. 23, 2006), indicated that the <u>Smith</u> Plaintiffs may have faced considerable hurdles in establishing their primary duty was not management.[4]

The Court finds that the above-named Plaintiffs and Defendant engaged in a bona-fide dispute concerning Plaintiffs' classification as executive exempt employees under the FLSA.  Through the conditionally certified <u>Smith</u> case, both parties actively participated in discovery for the past year and a half.  One hundred and two (102) depositions were taken,—including the depositions of several of the above-named Plaintiffs—multiple sets of interrogatories have been completed, and there has been extensive production of documents in the <u>Smith</u> case.  Despite the discovery done, the likely duration, complexity, and expense of future litigation would still be a heavy burden on both parties because of the re-filed cases pending in the twelve other courts.  Absent a global settlement, the resolution of this case would be followed by litigation of these twelve other cases.

---

[4] Ashland Inc. owns and operates Valvoline Service Centers, a quick lube operation.  The store managers were similarly suing for overtime compensation, claiming they were misclassified as "executive exempt" under the FLSA.  The court in <u>Addison v. Ashland Inc</u>, granted summary judgment for Ashland, Inc.

The facts of this case, pleadings, and information on record in both this case and <u>Smith</u>, indicate that all parties have reason to find this settlement to be a fair, reasonable, and adequate resolution to the claims presented in this case.  As such, the settlement meets the standards set forth under the FLSA.

## RECOMMENDATION

For the reasons stated above, it is hereby **recommended** that parties' Joint Motion for Final Approval of Settlement be **granted** [Docket No. 16 ].


Dated:   August 14, 2006


_s/ Arthur J. Boylan_____
Arthur J. Boylan
United States Magistrate Judge